Pierre Haobsh #BS0103
P.O. Box 8457
Lancaster, CA 93539

FILED
CLERK, U.S. DISTRICT COURT

10/31/24

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

RELATED-DDJ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pierre Haobsh<br>PLAINTIFF<br>v.<br>Santa Barbara Sheriff, et al.<br>DEFENDANT(S) | CASE No<br>**2:24-cv-09454-JLS-MAA**<br><br>Obstruction of Justice<br>Pursuant TO: 42 USCS<br>§1985 (CIVIL COMPLAINT) |

# LIST OF PARTIES

PLAINTIFF
 1. Pierre Haobsh

DEFENDANTS
 2. Santa Barbara County
    Sheriff's Department
 3. Oceanside Police Department
 4. Unknown S.B. Sheriff Personel
    (TO BE DETERMINED)
 5. Unknown Oceanside Police Personel
    (TO BE DETERMINED)
 6. State of California

# POINTS OF AUTHORITY

1. Duarte v. City of Stockton, 60 F. 4th 566 at 573 "We held over thirty years ago that municipal police departments in California can be sued in federal court for alleged civil rights Violations..."

   "...More recently we reaffirmed this holding and extended it to California's County Sheriff's departments."

2. Cal Gov Code §825 Duty of Public Entity to Pay Judgment, Compromise or Settlement

3. PER Cal Gov Code § 815.2 (a) A public entity is liable for injury proximately caused by an act or ommission of an employee of the public entity within the scope of his employment if the act or ommission would apart from this section have given rise to a cause of action against that employee or his personal representatii

# POINTS OF AUTHORITY

4. Corner Post Inc. v. Bd. of Governors of the Fed.
Rsrv. Sys., 144 S. Ct. 24      (2024)

at 2451 "If an act is not legally injurious until
certain consequences occur it is not the mere
doing of the act that gives rise to a cause of
action but the subsequent occurence of damage
or loss as the consequence of the act, and in
such case no cause of action accrues until
the loss or damage occurs."

at 2454 "As this Court has repeatedly stated
the text of a law controls over purported
legislative intentions unmoored from any
statutory text the Court may not replace
the actual text with speculation as to
Congress' intent."

5. THE Legislative Intent of 42 USCS
§1985 is CLEAR: as a Cause of Action
to prosecute conspiracy to interfere with
"impeding, hindering, obstructing, or defeating
in any manner, the due course of Justice
in any State or Territory..."

# POINTS OF AUTHORITY

6. Carmona v. Carmona 603 F.3d 1041 (9th COA)
   at 1051 "Rooker-Feldman's jurisdictional
   bar is one of Congressional intent and
   not constitutional mandate. Where
   Congress explicitly grants exclusive
   Jurisdiction to federal courts,
   Rooker-Feldman cannot bar collateral
   review of a state court order in
   federal court."

7. FRCP R 60 (b)(3); (d)(3) provides
   Congressionally mandated grant of Power
   to relieve the State Court of a Judgment
   obtained through Fraud on the Court.

# POINTS OF AUTHORITY

8. BP PLC v. Mayor of Baltimore
   593 U.S. 230

   at 246 "this Court's task is to discern and apply the law's plain meaning as faithfully as we can not to assess the consequences of each approach and adapt the one that produces the least mischief."

9. PER USCS FRCP R 60(b)
   "On motion and just terms the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons"
   (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation or misconduct by an opposing party."

10. PER USCS FRCP R 60(d)(3)
    "This rule does not limit a court's power to: set aside a judgment for fraud on the Court."

11. Federal Court may enjoin state court proceedings if "necessary in aid of" federal jurisdiction
    Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs 398 U.S. 281

# STATEMENT OF CASE

ON Friday March 25th 2016, the Plaintiff, Pierre Haobsh was Arrested in Bonsall California at an Arco AM/PM gas station by an undercover two-man Oceanside P.D. gang unit rendering assistance to the Santa Barbara County Sheriff.

Upon arrival to the gas station, Santa Barbara Sheriff Personel stripped the entire contents of the Plaintiff's red F-Sport Lexus and laid the contents of the Sedan, bare on the concrete pavement between the island of gas pumps.

The S.B. Sheriff's Department had not yet obtained a Search Warrant. The entire gas Station was covered with evidence placards as the contents of the Lexus including duffle bags were strewn accross pavement and were being Searched and photographed.

The Lexus was then repackaged, sealed with evidence tape, and placed on a flatbed tow truck operated

by a commercial courier.

Plaintiff was transported to the Oceanside Police Precinct for an interrogation. While inside the Oceanside Precinct, Plaintiff discovered, the Tow Truck was at the precinct with Plaintiff's Red Lexus, and Sheriff and Oceanside Personel had the contents of Plaintiff's Lexus strewn on tables outside of the interrogation room.

Another illegal search and seizure (FOURTH AMENDMENT, U.S, Const.) was being conducted. During both illegal search and seizures, Santa Barbara Sheriff Personel failed to document and report the Searches (FOURTEENTH AMENDMENT, DUE PROCESS VIOLATIONS).

Furthermore, ALL the video surveillance from the illegal Search and Seizure at the Arco AM/PM was destroyed by Santa Barbara County Sheriff Personel to conceal, the illegal search and seizure, and all the photographs taken of the contents of the Lexus with evidence placards showing

the entire contents of Lexus dumped
on the pavement of the gas station
were destroyed / deleted and were
instead replaced by photographs
depicting the contents of the Lexus
as undisturbed.

Certain items of inculpatory evidentiary
value were allegedly found in Plaintiff's
Lexus including two iphones, an ipad,
and a wallet belonging to decedents
in the tripple homicide case.

Plaintiff disputes these items were
existing in the Lexus. The evidence
was planted, however it remains
to be determined who the person did
did the planting of evidence.

Plaintiff did observe law enforcement
wrapping these items in aluminum
foil at the Oceanside Police Precinct.
The items were later fraudulently reported
as having been discovered in the
Plaintiff's red Lexus Sedan, wrapped
in aluminum foil.

These items of evidence were used as

means to justify the Arrest, Prosecution, and Conviction of the Plaintiff.

Given the Sheriff's extensive history of Lies and Moral Turpitude in this Case, extensive Cross-examination will be required at Trial to discern the Truth.

S.B. Sheriff Personel claim they were using cell phone pings from these electronic devices to track the movement and where abouts of the Plaintiff, however this appears to be another fabricated narrative by S.B. Sheriff Personel, and is an impossible scenario.

1. Firstly, as S.B. Sheriff reported and admitted, the devices were wrapped in aluminum foil which acts as a faraday cage and blocks the wireless transmission and reception of radio frequency.

2. Secondly, as S.B. Sheriff reported, the cell phones did not have SIM cards, ~~and though these controllment~~

~~All not allowth~~ trucking of the devices by cellular carrier was impossible.

3. Thirdly, S.B. Sheriff reported pings from at least one of the electronic devices minutes before Plaintiff was arrested.

4. Fourthly, the pings from the electronic devices coincide with the movement of S.B. Sheriff. Whoever planted the evidence was not all that smart, ~~Because the old classic offing also has several times~~ It stands to reason, a member of Law Enforcement was transporting the incriminating electronic devices from the homicide crime scene and planted it in the defendants Lexus, shortly after Arrest.

S.B. Sheriff identified the Plaintiff as a person of interest in the homicides based on a multi-million dollar memorandum of understanding signed between the plaintiff and decedents pertaining to an energy technology invented by the Plaintiff

IT should be noted the Plaintiff was on the verge of acquital at Trial (Santa Barbara Superior Court Case #1494152) however prosecutor Ben Ladinig stood up at trial and told the Court bold face lies, conducting purjury as an Officer of the Court, to turn the Case around, using fraudulent character evidence, to smear the reputation and credibility of the Plaintiff.

Prosecutor's deceived the Defense into agreeing to sign a pre-trial agreement permitting prosecutor's to use unconfronted accusatory hearsay at trial, and to deny the Plaintiff the Sixth Amendment (U.S. Const.) Right to confront witnesses. It was a premeditated trial-strategy to promulgate Fraud on the Court, which became apparent and injurious during the cross-examination of then Defendant Pierre Haobsh.

Prosecutor's and Santa Barbara Sheriff did engage in an extensive evidence suppression Campaign against the

Defendant, however that will be a
subject of a seperate Law Suit,

Judge Brian E. Hill who presided over
the Bench Trial admitted during a
Confidential Marsden Hearing, "We
are not going to have somebody like
yourself convicted of these serious
charges where there's a question
about fairness" ( pg. 3103 lines 6-9,
Reporter's Transcript on Appeal-UNDER SEAL)

It should be noted, Judge Brian E. Hill
made Authoritative Declarations and
Findings of Constitutional Violations at
the Sentencing Hearing to assist then
Defendant in rapidly overturning the
erroneous Conviction on "Writ of Appeal".

However, THIS entire Trial has been
rigged and someone fraudulently rewrote
the entire Sentencing hearing Transcript
to depict an alternate Version of events
and obstruct the due course of Justice.

THE Confidential Marsden remains an
accurate record due to being kept seperate
and under seal from the rest of the

Court Record.

California Law requires an Audio Recording of the Superior Court Proceedings be preserved until its destruction is authorized by the Superior Court Presiding Judge, however it remains to be seen if the Audio Recording exists.

DISTRICT JUDGE, please take notice:
1. Plaintiff has a seperate Anti-Trust Law Suit on File with the U.S. Central District Court-California.
   2:24-cv-07511-JLS-MAA

2. Direct Appeal has not concluded for Santa Barbara Superior Court Case #1494152. 2D Cal Crim No. B320178

3. Plaintiff has filed a Writ of Habeas Corpus with U.S. Supreme Court. Justice Kagan wants the 1200 page count reduced before it is distributed to all 9 Justices. Plaintiff has complied and refiled the Writ, awaiting a response. *

* THE California and U.S. Attorney General have copies of the filing.

# CLAIM ONE

**I** Conspiracy to impede, hinder, obstruct and defeat the due course of Justice and deny Plaintiff the Equal Protection of Laws (FOURTEENTH AMENDMENT, U.S. CONST.) by manufacturing, fabricating and planting inculpatory evidence on Thursday March 24th 2016 and Friday March 25th 2016.

# CLAIM TWO

**II** Conspiracy to impede, hinder, obstruct and defeat the due course of Justice and deny Plaintiff the Equal Protection of Laws (FOURTEENTH AMENDMENT, U.S. CONST.) by destruction and/or suppression and/or tampering of evidence implicating Defendants in Illegal Search and Seizure on Thursday March 24th 2016 and Friday March 25th 2016.

# REQUESTED RELIEF

1. Pursuant to FRCP R 38 the Plaintiff demands a Jury Trial to determine the Guilt of the Defendants based on Claims One and Two.

2. Plaintiff is Sueing Defendants in the Amount of $2.8 Billion Dollars as Compensatory Damages, with Tax Exemption.

# CONCLUSION

I, Pierre Haobsh, the Plaintiff do hereby Swear under penalty of perjury this LawSuit as asserted and represented is true and correct to the best of the Knowledge of the Plaintiff. Plaintiff reserves the right to amend the settlement terms and conditions.

Pierre Haobsh
OCTOBER 30 , 2024

# INTERROGATORY

PART ONE
Oct. 30, 2024
FRCP R 33

## TO BE ANSWERED BY SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT

1. QUESTION ONE: What Santa Barbara County Sheriff Personel were present at the Arco AM/PM where Pierre Haobsh was arrested during early morning hours of Friday March 25th 2016? Identify by Full Name and Job Description at time of arrest.

2. QUESTION TWO: What S.B. County Sheriff Personel were present at the Oceanside Police Precinct during the Interrogation of Pierre Haobsh on Friday, March 25th 2016? *

3. QUESTION THREE: What S.B. Sheriff Personel operated photographic equipment at the Arco AM/PM gas station on Friday, March 25th 2016?

*Identify Full Name, Job Description, and Gender

PART ONE
OCT 30 2024
FRCP R 33

# INTERROGATORY... CONTINUED

## TO BE ANSWERED BY SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT

4. QUESTION FOUR: Who was responsible for acquiring and preserving the video surveillance footage from the Arco AM/PM on Thursday March 24th 2016 and Friday March 25th 2016 in Bonsali, CA?

5. QUESTION FIVE: Is the S.B. Sheriff's Department in possession of any video surveillance footage from the Arco AM/PM on Thursday March 24th 2016 and Friday March 25th 2016? IF so, Verify the quality and usability of the video footage? — And time stamp range?

6. QUESTION SIX: What is the full name of tow truck driver who transported Pierre Haobsh's red F-Sport Lexus to Santa Barbara, California? Also identify business name of tow truck company and corporate address?

7. QUESTION SEVEN: Full name of Arco AM/PM gas station attendant working 1am in morning on Friday March 25th 2016?

# INTERROGATORY

PART TWO
OCT 30, 2024
FRCP R 33

TO BE ANSWERED BY SANTA BARBARA
HI-TECH DETECTIVE PERRY KUHL.

1. QUESTION ONE: Can an iPhone
be tracked by Law Enforcement
without a SIM CARD in 2016?

2. QUESTION TWO: Did the iphones
identified as belonging to Henry
and Jenny have SIM CARDS
in the phone?

3. QUESTION THREE: IF the iPhones
did not have SIM CARDS how
was law enforcement tracking
them through the cellular carrier
shortly before the arrest of
Pierre Haobsh? Minutes before the
arrest of Pierre Haobsh, ~~an cell~~
~~phone was on used in Santa California~~
in Bonsali California, March 2016.

# INTERROGATORY

PART THREE
OCT 30, 2024
FRCP R33

## TO BE ANSWERED BY OCEANSIDE POLICE DEPARTMENT

1. QUESTION ONE: What Oceanside Police Personel were present at the Arco AM/PM on Friday March 25th 2016 during and after arrest of Pierre Haobsh? Identify Full Name, Job Description, Gender, ~~and Description~~ ~~of Information with all involved~~

2. QUESTION TWO: What Oceanside Police Personel were present at the Oceanside Police Precinct on Friday March 25th 2016 and who was in auditory and/or visual range of Santa Barbara Sheriff Peronel? Full Name, Job Description, and Gender.

3. QUESTION THREE: Who rendered assistance to Santa Barbara Sheriff Personel at the Police Precinct on Friday March 25th 2016 and in what capacity?